### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| **KEVIN B. FROST,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **No. 2:21-cv-00112-NT** |
| | ) | |
| **CASTLE POINT MORTGAGE,** | ) | |
| **INC. et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

### ORDER ON RESPONSE TO ORDER TO SHOW CAUSE

On July 22, 2021, Judge Torresen issued an order that the plaintiff show good cause in writing no later than August 5, 2021, why service was not timely made on defendant Castle Point Mortgage, Inc. ("Castle Point") and party-in-interest Midland Funding ("Midland"). *See* Order to Show Cause (OSC) (ECF No. 13).

The plaintiff responded on July 30, 2021, stating that (i) he had attempted to serve Castle Point and Midland by first-class mail (as he had succeeded in doing with respect to the four defendants who removed this case to this court from the Maine District Court), (ii) he was "not requesting anything in relation to Midland Funding and there is no relation to the other parties, so it seems appropriate to dismiss them from this claim[,]" and (iii) he sought instructions from the court on "how to proceed to accomplish service of process" on Castle Point "[s]uch as posting a notice in the newspaper or any other means that will satisfy the Court." Plaintiff[']s Response to Order to Show Cause ("Response") (ECF No. 14).

Treating the Response as a motion to dismiss Midland as a party and to serve Castle Point by alternative means, I grant the motion as to Midland but deny it without prejudice as to Castle

Point and extend the plaintiff's deadline to serve process *sua sponte* to November 2, 2021, for good cause shown.

## I.  Factual Background

The plaintiff represents, and provides documentation indicating, that (i) Castle Point's Authority of Foreign Entity was withdrawn in Maine in July 2008 with its Registered Agent listed with a Maine address, (ii) as of October 2011, its business status in Maryland was forfeited, and it was not in good standing, and (iii) its principal office is listed with the address 6800 Deerpath Road, Suite 105, Elkridge MD 21075.  *See* Response at 1; Exhs. B-C (ECF No. 14-2) thereto.  He attempted to serve Castle Point by mail at its Elkridge, Maryland address, but his mailing was returned as nondeliverable.  *See* Response at 1; ECF No. 14-4, attached thereto.

## II.  Applicable Legal Standards

Maine law allows service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method[.]"  Me. R. Civ. P. 4(g)(1).  To meet that standard, the movant must provide "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule (4)(g)(2), as well as an affidavit showing that (i) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute[,]" (ii) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process[,]" and (iii) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit."  Me. R. Civ. P. 4(g)(1)-(2).

The Law Court has observed that, because of societal and technological changes, "service by publication has become less likely to achieve actual notice of a lawsuit" and, therefore, "also less likely to meet the requirements of due process." *Gaeth v. Deacon*, 2009 ME 9, ¶ 26, 964 A.2d 621, 628. As such, it stated, "service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice." *Id.*

## III. Discussion

The plaintiff's single attempt to serve Castle Point, by mail at its last known address in Maryland, falls short of the showing necessary to warrant service by alternative means, including service by publication.

The Federal Rules of Civil Procedure provide that a corporation may be served according to the laws of the state where service is made or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(e)(1), (h)(1)(A)-(B).

Maine law contains a similar provision, permitting personal service on a corporation by either:

> [D]elivering a copy of the summons, complaint, and notice regarding Electronic Service to any officer, director or general agent; or, if no such agent be found, to any person in the actual employment of the corporation; or, if no such person be found, then pursuant to subdivision (g) of this Rule [addressing service by alternate means], provided that the plaintiff's attorney shall also send a copy of the summons, complaint, and notice regarding Electronic Service to the corporation by registered or certified mail, addressed to the corporation's principal office as reported on its latest annual return; or
>
> [D]elivering a copy of the summons, complaint, and notice regarding Electronic Service to any agent or attorney in fact authorized by appointment or by statute to

3

receive or accept service on behalf of the corporation, provided that any further
notice required by the statute shall also be given.

Me. R. Civ. P. 4(d)(8).

Yet, the plaintiff makes no showing that he attempted to serve Castle Rock through its
agent listed on the print-off of his search of the Maine Bureau of Corporations, Elections and
Commissions database – National Registered Agents, Inc., P.O. Box 509, Readfield ME 04355,
Exh. B (ECF No. 14-2) at 1, or, if that attempt proved fruitless, to locate any other officer, agent,
or employee of Castle Rock who might continue to be empowered to accept service on its behalf.

Because the plaintiff has not exhausted avenues more likely to achieve actual notice to
Castle Rock than service by publication, his motion for service by alternate means is denied
without prejudice.  The plaintiff is cautioned that, should he deem it necessary to file a motion for
service by alternate means, he must do so in accordance with the requirements of Maine Rule of
Civil Procedure 4(g), which include the filing of an affidavit and a proposed court order addressing
matters specified in the rule.

## IV.  Conclusion

For the foregoing reasons, treating the Response as a motion to dismiss party-in-interest
Midland and for service by alternate means on defendant Castle Rock, the motion is **GRANTED**
as to Midland and **DENIED** without prejudice as to Castle Rock, and the plaintiff's deadline to
serve process is **ENLARGED** to November 2, 2021.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an
objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection  shall constitute a waiver of the right to review by the
district court and to any further appeal of this order.*

4

Dated this 3rd day of September, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge